IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DARNELL WESLEY MOON,           )
Inmate No. 34077-044,          )
                               )
                  Petitioner,  )
                               )
vs.                            )      Case No. 12-cv-1151-DRH
                               )
WENDY J. ROAL,                 )
                               )
                  Respondent.  )

<u>MEMORANDUM AND ORDER</u>

**HERNDON, Chief Judge:**

This case is before the Court on petitioner's writ of habeas corpus filed on November 5, 2012.   Petitioner, currently incarcerated in the Communications Management Unit ("CMU") at the USP-Marion ("Marion"), has brought this action pursuant to 28 U.S.C. § 2241.  He seeks declaratory and injunctive relief, to expunge a disciplinary report (Incident Report No. 2345334) that he claims was brought against him in retaliation for his activities as a "jailhouse lawyer" and for filing complaints against prison staff.  Petitioner previously filed two other habeas actions concerning a different disciplinary report.  *Moon v. Roal*, 12-982-DRH (filed September 10, 2012, and dismissed November 19, 2012); *Moon v. Roal*, 12-1070-DRH (filed October 5, 2012, and dismissed November 27, 2012). Additionally, one other habeas petition, concerning yet another disciplinary report, has been referred to a United States Magistrate Judge for further review. *Moon v. Walton*, 12-1152-DRH (filed November 5, 2012).

Page **1** of **6**

In the instant case, petitioner explains that at some date in the past, he requested prison official Henry Rivas to assign him to a prison job as an outside orderly (Doc. 1, p. 10).  Petitioner worked at that job for a month and a half.  He then learned that his income made him ineligible to receive an indigent allotment of postage stamps.  Any money put into his prison account was "automatically encumbered" to pay debts he owed to the prison, leaving him with no funds to spend on postage, so he was unable to mail out his legal documents.  Petitioner decided to quit the prison job.  Rivas issued him an incident report in June 2012 for refusing to work, and petitioner then obtained permission from Rivas to quit the job.

In July 2012, Rivas told petitioner he would be assigned to another orderly job in the CMU (Doc. 1, p. 11).  Petitioner protested, saying there were ten other inmates in the unit who did not have a job either.  Rivas wrote petitioner another incident report (No. 2345334) for refusal to work.  It is this second report that is the subject of the instant petition.  Petitioner was found guilty, and the warden denied his appeal.  He attempted to appeal further to the Regional Office of the Bureau of Prisons, but Rivas opened the envelope and threw away petitioner's appeal form.  Petitioner does not indicate what, if any, punishment he received after being found guilty of this disciplinary charge.

Petitioner complains that Rivas continues to write false and retaliatory incident reports on him.  For example, on October 22, 2012, petitioner handed Rivas (who handled outgoing legal mail) a sealed envelope directed to the Office of

Inspector General in Washington, D.C., which contained a complaint against Rivas.  After Rivas saw the address, he informed petitioner that he was assigning him to the "D-Range orderly job" (Doc. 1, p. 11).  Petitioner responded that he could not and would not work, and that Rivas was retaliating against him for the complaints petitioner had made against him.  Rivas wrote a third incident report, which petitioner attaches as "Exhibit A" (Doc. 1, p. 13).

Petitioner contends that the July 2012 incident report should be expunged, because it was "devoid of evidence" and was written for retaliatory reasons.  He also claims that the disciplinary committee lacked authority to adjudicate the charge or punish him, because they failed to follow applicable federal rules governing prison disciplinary procedures (Doc. 1, pp. 11-12).

Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that this petition does not survive review under Rule 4, and must be dismissed.

First, petitioner does not claim to have lost any good conduct credit as a result of the July 2012 disciplinary action, nor is there any indication that the duration or execution of his sentence was in any way affected by the guilty finding

on this disciplinary charge.  A petition for a writ of habeas corpus is properly used "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991).  In the instant case, however, petitioner has no conceivable claim for earlier release, even if he were to prevail in his quest for expungement of his incident report.  Instead, petitioner's insistence that the disciplinary action was the result of improper retaliation (as well as any potential claim for interference with his mail) is in essence a challenge to the conditions rather than the fact of his confinement.  The proper remedy for such a claim is a civil rights action, not a habeas petition.  *Id.*; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).  Because petitioner has already accumulated three "strikes" within the meaning of 28 U.S.C. § 1915(g), he must pre-pay the entire $350 filing fee for any civil rights case he may file, unless he can show that he is under imminent danger of serious physical injury.  No such danger is apparent from the instant claim.

Furthermore, even if petitioner's claim were cognizable in a habeas action, it would not succeed.  In *Wolff v. McDonnell*, 418 U.S. 539 (1974), the Supreme Court set out the minimal procedural protections that must be provided to a prisoner in disciplinary proceedings in which the prisoner loses good time, is confined to a disciplinary segregation, or otherwise is subjected to some comparable deprivation of a constitutionally protected liberty interest.  *Id*. at 556-

72; *see also Hewitt v. Helms*, 459 U.S. 460, 466 n.3 (1983). The Supreme Court has held that due process requires that the findings of the disciplinary tribunal be supported by *some* evidence in the record. *Superintendent v. Hill*, 472 U.S. 445, 455 (1985); *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999). However, in reviewing the sufficiency of the evidence, the Seventh Circuit has instructed that lower courts are to apply a lenient standard when determining "whether there is *any* evidence in the record that *could* support the conclusion reached by the disciplinary board." *See Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (emphasis in original).

The instant petition and exhibits fail to raise any inference that petitioner was denied due process in the adjudication of his disputed disciplinary charge. Nor is it apparent that the guilty finding lacked evidentiary support. Petitioner's own description of the events demonstrates that he refused to accept the work assignment given to him in July 2012. Based on the lenient standard set out by the Seventh Circuit, this evidence supports the disciplinary committee's conclusion of guilt. In addition, the alleged failure of the disciplinary committee to follow institutional rules does not invalidate the finding of guilt, where the requirements of *Wolff* and *Hill* have been satisfied.

**Filing Fee – Pending Motions**

Petitioner filed a motion for leave to proceed *in forma pauperis* ("IFP") in this action on November 5, 2012 (Doc. 2), seeking waiver of the $5.00 filing fee for this action. On November 19, 2012, he filed a motion to proceed without

payment of an initial partial filing fee (Doc. 5).  In the latter motion, he contends that although his inmate trust fund account shows a balance of $24.17, his "available" balance is effectively zero because any funds are encumbered for previously-incurred court fees, fines, and restitution.  The Clerk has requested an updated inmate account statement from the trust fund officer at Marion (Doc. 6), and the undersigned Judge shall rule on petitioner's motions after the receipt of this information.

## Disposition

To summarize, petitioner has not demonstrated any entitlement to habeas relief pursuant to § 2241.  However, his retaliation or mail interference claims may be cognizable in a civil rights action.  Should he desire to bring such a claim, his $350 filing fee must be pre-paid in full.  Accordingly, the petition is summarily **DISMISSED** without prejudice to petitioner re-filing his claim(s) in a civil rights complaint.

**IT IS SO ORDERED.**

**DATED: November 27, 2012.**

Digitally signed by
David R. Herndon
Date: 2012.11.27
16:18:41 -06'00'

**Chief Judge**
**United States District Court**